# IN THE COURT OF APPEALS OF IOWA

No. 25-0236
Filed June 18, 2025

IN THE INTEREST OF J.H.-H.,
Minor Child,

J.H., Father,
       Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Patrick J. McAvan, Judge.

A father appeals the juvenile court's bridge order transferring jurisdiction over the custody, physical care, and visitation of his child to the district court. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Rebecca L. Petig of Bierman & Petig, P.C., Grinnell, attorney and guardian ad litem for minor child.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

The father of J.H.-H. appeals from the juvenile court bridge order transferring jurisdiction over the custody, physical care, and visitation of the child to the district court.[1] That order placed the child in the joint legal custody of the mother and father, awarding the mother physical care with the father being granted "frequent and liberal visitation."

On appeal, the father seeks to set aside the bridge order, arguing the order "provide[s] no criteria for him to be able to get visitation which would be more similar to the visitation a non-custodial parent would have." The father raises two issues on appeal, arguing the juvenile court erred in (1) issuing a bridge order rather than a "family custody and visitation order," and (2) "granting such limited visitation."

In his petition, the father provides no "[s]upporting legal authority" for his claims, no statements on how error was preserved on appeal, and no explanation of the "findings of fact or conclusions of law with which [he] disagree[s]." *See* Iowa R. App. P. 6.1401—Form 5; *see also* Iowa R. App P. 6.201(1)(d) (requiring "[t]he petition on appeal [to] substantially comply with rule 6.1401—Form 5"). And although we will, in child welfare cases, "[do] our best to address the issues presented without undertaking the father's research and advocacy for him," the father has not provided even "a few legal citations" or "quotes from the juvenile court ruling;" he has simply provided "a statement that he 'disagrees.'" *See In re A.G.*, No. 24-1908, 2025 WL 707099, at *2 n.1 (Iowa Ct. App. Mar. 5, 2025); *see*

---

[1] The mother does not appeal.

*also In re J.W.*, No. 18-2218, 2019 WL 719056, at *1 (Iowa Ct. App. Feb. 20, 2019) (deeming a father's failure to "provide[] . . . facts, argument, or analysis in support of his assertions" to have "waive[d] error").

"The father's position is not adequately formulated to facilitate our review." *J.W.*, 2019 WL 719056, at *1.  We thus affirm the juvenile court's bridge order.

**AFFIRMED.**